UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DIAMOND S.J. ENTERPRISE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SAN JOSE,<br><br>Defendant. | Case No. 18-CV-01353-LHK<br><br>**ORDER GRANTING-IN-PART AND DENYING-IN-PART AS MOOT DEFENDANT'S MOTION TO DISMISS, AND GRANTING DEFENDANT'S MOTION TO STRIKE**<br><br>Re: Dkt. No. 37 |

Plaintiff Diamond S.J. Enterprise, Inc. brings suit against Defendant the City of San Jose ("San Jose" or "City"). Plaintiff owns and operates a nightclub called SJ Live in San Jose, California. The City issued notice to Plaintiff revoking Plaintiff's entertainment permit to operate as a nightclub. After attempts to appeal the permit's revocation through administrative proceedings held by the City, Plaintiff brought suit here. Before the Court is the City's motion to dismiss and/or to strike. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part as moot the City's motion to dismiss, and GRANTS the City's motion to strike.

## I. BACKGROUND

## A. Factual Background

Plaintiff owns and operates a nightclub called SJ Live. ECF No. 32 at ¶ 11 ("FAC."). On May 28, 2017, SJ Live was approached by Daniel Embay. *Id.* at ¶ 32. Embay had booked a performer named Lucci. *Id.* at ¶ 30. Originally, Lucci was supposed to perform at a club in San Francisco, but the club backed out. *Id.* So, Embay approached SJ Live to see whether SJ Live could host Lucci. *Id.* SJ Live agreed to book Lucci for $10,000. *Id.* "Lucci would pay any booking agent fees to Mr. Embay directly." *Id.* The Plaintiff claims that Embay usually "holds himself out as an event promoter," though that was not the role he purportedly played in relation to the Lucci booking. *Id.* at ¶ 32. Plaintiff claims Embay was a booking agent, not an event promoter, because operating as an event promoter in San Jose requires a permit. *Id.*

SJ Live has a dress code and provides table bottle service. *Id.* at ¶ 33. The bottle service is booked prior to an event through the club's owner and manager, Jenny Wolfes. *Id.* at ¶ 24, 33. Before the Lucci event, Embay had a disagreement with Wolfes over whether sneakers should be allowed. *Id.* at ¶ 34. In the past, the club's dress code did not allow for sneakers, and Wolfes did not make an exception for the Lucci event. *Id.* Once guests began to arrive, some guests stated that they had booked table bottle service. *Id.* at ¶ 35. Embay admitted that he went around the club's usual protocol of the manager taking reservations for table bottle service. *Id.* Instead, Embay sold tickets and table service on eventbright.com without the approval of anyone at SJ Live. *Id.* Because Wolfes was concerned that there would be double-bookings which would create conflict, she cancelled the Lucci event and closed the doors, though she allowed about 150 guests who had already entered the club to stay until the club's regular closing time. *Id.* Wolfes also told Embay to leave. *Id.* Once the club doors were closed, security dispersed the crowd of people trying to enter the club within 15 to 20 minutes. *Id.* at ¶ 36. At 1:39 a.m. the night of the Lucci event, gunshots were fired in a shared parking lot behind SJ Live. *Id.* at ¶ 37. There were no injuries. Embay turned out to be a suspect in the shooting, so Wolfes provided Lieutenant Trayer of San Jose Special Investigations Vice Unit with security camera footage to assist in the criminal

Case No. 18-CV-01353-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART AS MOOT DEFENDANT'S MOTION TO DISMISS, AND GRANTING DEFENDANT'S MOTION TO STRIKE

investigation. *Id.* at ¶ 39. A few weeks after the Lucci incident, on July 17, 2017,[1] San Jose's chief of police issued a Notice of Intended Action informing Plaintiff that the City intended to revoke SJ Live's entertainment permit. *Id.* at ¶ 13.

The Notice of Intended Action was based on the following alleged violations: (1) "using an unlicensed promoter (violation of San Jose Municipal Code § 6.62.200)"; (2) "leaving a significant group of patrons on the peripheral of the business exterior (violation of San Jose Municipal Code § 6.60.240 (F))"; (3) "failing to have security in or near the adjacent parking lot at the time of the shooting (violation of San Jose Municipal Code § 6.60.240 (C))"; (4) "[n]ot maintaining a valid conditional use permit (violation of San Jose Municipal Code § 6.60.200)"; (5) "[o]perating the business in such a way that it constitutes a public nuisance . . . (violation of San Jose Municipal Code § 6.60.290)"; (6) "[c]reating a public nuisance by maintaining or using the property in a manner that jeopardizes or endangers health, safety, or welfare of persons on the premises or in the surrounding areas . . . (violation of San Jose Municipal Code § 1.13.050)"; and "[o]perating a disorderly house (violation of Cal. Bus. [a]nd Prof. Code § 25601)". *Id.* at ¶ 13.

Plaintiff believes that the attempt to revoke SJ Live's entertainment permit was politically motivated. As evidence of this political motivation, it is alleged that SJ Live's owner/manager Jenny Wolfes' other attempts at opening other ventures in San Jose, such as a bar, were repeatedly subject to the San Jose city council's interference. *Id.* at ¶¶ 24-26. Furthermore, SJ Live is in the San Jose Bank of Italy Building, which investors were able to purchase in its entirety subject to SJ Live's lease. *Id.* at ¶ 27. Plaintiff claims that city officials "specifically targeted SJ Live with the most severe sanctions available[, revocation of SJ Live's entertainment permit,] in order to clear the way for the redevelopment of the Bank of Italy Building." *Id.* at ¶ 29. Plaintiff believes that revocation of the entertainment permit is disproportionate because "other permitted entertainment

---

[1] The complaint states that the Notice of Intended Action was issued on July 17, 2018, but in the context of other allegations, the Court believes the year is a typographic error. *See* FAC at ¶ 40 ("On July 17, 2017, the Chief of Police issued a Notice of Intended Action indicating the City of San Jose intended to revoke Diamond SJ Enterprise's entertainment permit.")

Case No. 18-CV-01353-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART AS MOOT DEFENDANT'S MOTION TO DISMISS, AND GRANTING DEFENDANT'S MOTION TO STRIKE

United States District Court
Northern District of California

businesses had far worse violations in recent years, [and] the actions taken by the Police Department against those businesses were far less severe." *Id.* at ¶ 42.

## B. Procedural History

After the July 17, 2017 notice of the intended revocation of SJ Live's entertainment permit effective July 28, 2017, SJ Live requested an administrative hearing. *Id.* at ¶ 15. The administrative hearing was held before Deputy Chief Mark Bustillos, who issued a "Notice of and Decision on Intended Action to Revoke Entertainment Permit, in which the City announced its decision to suspend SJ Live's entertainment permit for thirty days" as opposed to completely revoking the permit. *Id.* Bustillos found that Plaintiff violated the San Jose Municipal Code by hiring an unlicensed promoter, and that SJ Live creates or results in a public nuisance. *Id.* SJ Live then appealed the suspension to the Appeal Hearings Board, which held a hearing on February 8, 2018. *Id.* at ¶ 16. In its written decision mailed on February 26, 2018, the Board rejected Bustillos' finding regarding the hiring of an unlicensed promoter, but upheld the public nuisance charge. *Id.* at ¶ 17. Thus, the Board upheld the suspension of SJ Live's entertainment permit for 30 days. *Id.*

On March 1, 2018, Plaintiff brought suit in this Court against the City. ECF No. 1. The complaint was accompanied by an *ex parte* motion for a temporary restraining order. ECF No. 2. The temporary restraining order was denied without prejudice on March 1, 2018.

On March 2, 2018, Plaintiff filed an amended motion for a temporary restraining order. ECF No. 15. That same day, the Court directed the Plaintiff to serve the City, and ordered the City to respond. ECF No. 18. The City filed a response on March 2, 2018. ECF No. 20. On March 2, 2018, the amended motion for a temporary restraining order was denied. ECF No. 22.

On April 6, 2018, the City answered Plaintiff's complaint, but Plaintiff filed a first amended complaint ("FAC") on June 20, 2018. The City filed its motion to dismiss and/or strike on July 20, 2018. ECF No. 37. Plaintiff responded to the motion on August 17, 2018. ECF No. 45. The City filed its reply on August 31, 2018. ECF No. 46.

The Plaintiff alleges 5 causes of action, FAC at 12-21: (1) violation of the First

4

Amendment under 42 U.S.C. § 1983, *id.* at 12; (2) violation of due process under the Fifth Amendment under 42 U.S.C. § 1983, *id.* at 14; (3) denial of a fair hearing in violation of the Fourteenth Amendment under 42 U.S.C. § 1983, *id.* at 16; (4) interference with free speech and due process secured by Article 1, § 2 of the California Constitution, *id.* at 19; and (5) a partial taking under the Fifth Amendment, *id.* at 21.

## II.    LEGAL STANDARD

### A.  Motion to Strike under Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted). "With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Id.* "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Cruz v. Bank of New York Mellon*, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010)).

### B.  Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The U.S. Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough

United States District Court
Northern District of California

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Schwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the

United States District Court
Northern District of California

pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

(9th Cir. 2008).

## III.    DISCUSSION

The Plaintiff alleges 5 causes of action, FAC at 12-21: (1) violation of the First

Amendment under 42 U.S.C. § 1983, *id.* at 12; (2) violation of due process under the Fifth

Amendment under 42 U.S.C. § 1983, *id.* at 14; (3) denial of a fair hearing in violation of the

Fourteenth Amendment under 42 U.S.C. § 1983, *id.* at 16; (4) interference with free speech and

due process secured by Article 1, § 2 of the California Constitution, *id.* at 19; and (5) a partial

taking under the Fifth Amendment, *id.* at 21.

However, in Plaintiff's opposition to the City's motion to dismiss, Plaintiff voluntarily

withdrew without prejudice its fifth cause of action: a partial taking under the Fifth Amendment.

ECF No. 45 at 25 ("Opp."). Therefore, the Court DENIES the City's motion to dismiss the fifth

cause of action as moot.

Furthermore, the City does not move to strike or dismiss Plaintiff's third cause of action:

denial of a fair hearing in violation of the Fourteenth Amendment. ECF No. 46 at 7 ("Reply")

("The City did not ask the Court to dismiss the third cause of action for failure to state a claim.").

Thus, three causes of action remain to be addressed: (1) violation of the First Amendment

under 42 U.S.C. § 1983, FAC at 12; (2) violation of due process under the Fifth Amendment under

42 U.S.C. § 1983, *id.* at 14.; and (3) interference with free speech and due process secured by

Article 1, § 2 of the California Constitution, *id.* at 19. After addressing the City's motion to strike,

the Court will address each cause of action in turn.

### A.    Motion to Strike

First, the City moves to strike all references in the FAC to the Fifth Amendment's due

process clause. Mot. at 14, 17. The Fifth Amendment's due process clause only applies to federal actors. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government."). All allegations in the FAC are against municipal actors. In its opposition, "Plaintiff concedes to Defendant['s] Motion to Strike References to the Fifth Amendment." Opp. at 19 n.4. Thus, the Court GRANTS the City's motion to strike references in the FAC to the Fifth Amendment's due process clause for immateriality. Fed. R. Civ. P. 12(f)

Second, the City also moves to strike the reference to students' speech activities. *See* FAC at ¶ 85(b) ("The code provisions unduly, impermissibly, and unconstitutionally restrict the ability of students from engaging in First Amendment activities . . . ."). None of the allegations in the FAC implicate student speech. Furthermore, Plaintiff's opposition does not address the City's arguments concerning student speech. An opposition brief's failure to address a motion to dismiss' challenges to a claim constitutes abandonment of that claim. *Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (holding that a plaintiff abandoned claims by not raising them in the plaintiff's opposition to a motion for summary judgment). Thus, the Court GRANTS the City's motion to strike the reference to student speech set forth in ¶ 85(b) of the FAC for immateriality. Fed. R. Civ. P. 12(f).

Third, the City seeks to strike the reference to Article 1, § 1 of the California Constitution made in the heading of Plaintiff's cause of action for interference with free speech and due process secured by Article 1, § 2 of the California Constitution. FAC at p. 19. Article 1, § 1 of the California Constitution grants several inalienable rights: "defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Article 1, § 1 has nothing to do with either free speech or due process—rights Plaintiff claims are being violated under the California Constitution cause of action. *See, e.g.*, *People v. Buza*, 4 Cal. 5th 658, 711 (2018) ("Our cases have described the 'core value' of article I, section 1 as protecting so-called 'informational privacy,' meaning the privacy interest in sensitive and confidential

Case No. 18-CV-01353-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART AS MOOT DEFENDANT'S MOTION TO DISMISS,
AND GRANTING DEFENDANT'S MOTION TO STRIKE

personal information."). Plaintiff even concedes that Article 1, § 1 does not apply here, calling it a "typographical error in the FAC." Opp. at 24 n.5. Thus, the Court GRANTS the City's motion to strike mention of Article 1, § 1 of the California Constitution in the California Constitution cause of action's heading for immateriality. Fed. R. Civ. P. 12(f).

### B. Motion to Dismiss

The Court addresses the three remaining causes of action in turn.

#### 1. Violation of the First Amendment under 42 U.S.C. § 1983

The Plaintiff brings a facial and an as-applied challenge to the City's ordinances for being constitutionally impermissible prior restraints on speech. FAC at 13. The City argues that Plaintiff has not adequately plead a violation of the First Amendment with sufficient specificity as required by Federal Rule of Civil Procedure 8. ECF No. 37 at 8 ("Mot.").

Defendant prevails here because Plaintiff's FAC does not meet the requirements of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. However, Rule 8 is violated "when a pleading says *too much.*" *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). For example, the Ninth Circuit upheld the dismissal of a 733-page pleading because it would create an unfair burden on the defendant "just to prepare an answer that admits or denies such allegations, and to determine what claims and allegations must be defended or otherwise litigated." *Cafasso, United States ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).

In its amended complaint in the instant case, Plaintiff alleges that San Jose Municipal Code Chapters 6.60 and 6.62 violate the First Amendment. *See* FAC at ¶ 52-54 ("The provisions of those chapters are directed at speech and expressive conduct. . . . The provisions of those chapters are unconstitutional on their face and as applied to Plaintiff under the First Amendment . . . ."). However, San Jose Municipal Code Chapters 6.60 and 6.62 have numerous parts and subparts. For instance, San Jose Municipal Code Chapter 6.60, which deals with public entertainment permitting, is comprised of 5 parts. Each part is then divided into subparts, of which there are

9

dozens of subparts per part. Plaintiff never alleges which subparts of the San Jose Municipal Code chapters violate the First Amendment, only that entire chapters of the San Jose Municipal Code violate the First Amendment. Plaintiff fails to identify the *exact* code provisions alleged to violate the First Amendment. Thus, Plaintiff essentially pleads that almost 100 San Jose Municipal Code provisions violate the First Amendment. This is a paradigmatic example of a pleading that says too much. Although here, the *length* of the FAC is not at issue as it was in *Cafasso*, the sheer *number* of code provisions under each San Jose Municipal Code chapter that allegedly violate the First Amendment is analogous to the volume problem in *Cafasso*. Requiring a response to such a large number of San Jose Municipal Code provisions creates an insurmountable burden on the City. Thus, it is far too onerous to require the City to "determine what claims and allegations must be defended or otherwise litigated," *Cafasso*, 637 F.3d at 1059, because the City cannot tell which particular code sections are alleged to violate the First Amendment.

Furthermore, Plaintiff acknowledges the burdensome nature of the FAC. In its opposition, Plaintiff concedes that "the litigation process may benefit, as Defendant suggests, by identifying the elements of the Code and linking them to Plaintiff's various legal theories." Opp. at 3. Plaintiff then does so in its opposition. However, Plaintiff cannot amend the complaint through briefing. "[A]llegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint." *SriCom, Inc. v. EbisLogic, Inc.*, 2012 WL 4051222, at *6 (N.D. Cal. Sept. 13, 2012). Accordingly, the Court must consider only the substance of the FAC. Thus, the Court GRANTS the City's motion to dismiss the First Amendment claim. Because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice the City, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 2. Violation of Due Process under the Fourteenth Amendments under 42 U.S.C. § 1983

Plaintiff alleges that certain San Jose Municipal Code chapters are written so broadly that they violate Plaintiff's procedural due process rights under the Fourteenth Amendment. FAC at ¶

United States District Court
Northern District of California

14-15. The City, once again, argues that Plaintiff has not adequately plead a violation of the Constitution with sufficient specificity as required by Federal Rule of Civil Procedure 8. Mot. at 16.

In its opposition, Plaintiff concedes that "the litigation process may benefit, as Defendant suggests, by identifying the elements of the Code and linking them to Plaintiff's various legal theories." Opp. at 3. Thus, Plaintiff includes in its opposition a "Challenged Regulations" section that "identif[ies] the elements of the [San Jose Municipal Code] and link[s] them to Plaintiff's various legal theories." *Id.*

Defendant prevails here because Plaintiff's FAC does not meet the requirements of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. In its FAC, Plaintiff alleges that San Jose Municipal Code Chapters 6.60 and 6.62 violate the Plaintiff's due process rights under the Fourteenth Amendment. FAC at ¶¶ 59-62. As discussed above, the hundred or so code provisions under each San Jose Municipal Code chapter that allegedly violate the Constitution creates an insurmountable burden on the City to respond. *See, e.g.*, *Cafasso*, 637 F.3d at 1059 (holding that a defendant should be able to "determine [from the pleadings] what claims and allegations must be defended or otherwise litigated"). Furthermore, Plaintiff's attempt in its opposition brief at cabining the breadth of the FAC brief is improper because "[a]llegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint." *SriCom, Inc.*, 2012 WL 4051222, at *6. Accordingly, the Court must consider only the substance of the FAC.

Thus, the Court GRANTS the City's motion to dismiss the due process claim. Because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice the City, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

### 3. Interference with Free Speech and Due Process Secured by Article 1, § 2 of the California Constitution

The Plaintiff brings a facial and an as-applied challenge to the City's code under the

California Constitution for being impermissible prior restraints on speech and violative of due process. FAC at ¶ 19-20. The City argues that Plaintiff has not adequately plead a violation of the California Constitution with sufficient specificity as required by Federal Rule of Civil Procedure 8. Mot. at 18.

In its opposition, Plaintiff concedes that "the litigation process may benefit, as Defendant suggests, by identifying the elements of the Code and linking them to Plaintiff's various legal theories." Opp. at 3. Thus, Plaintiff includes in its opposition a "Challenged Regulations" section that "identif[ies] the elements of the [San Jose Municipal Code] and link[s] them to Plaintiff's various legal theories." *Id.*

Defendant prevails here because Plaintiff's FAC does not meet the requirements of Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. In its FAC, Plaintiff alleges that San Jose Municipal Code Chapters 6.60 and 6.62 violate the Plaintiff's rights under the California Constitution. FAC at ¶¶ 84-86. As discussed above, the hundred or so provisions under each San Jose Municipal Code chapter that allegedly violate the California Constitution impermissibly creates an insurmountable burden on the City. *See, e.g.*, *Cafasso*, 637 F.3d at 1059 (holding that a defendant should be able to "determine [from the pleadings] what claims and allegations must be defended or otherwise litigated"). Furthermore, Plaintiff's attempt in its opposition brief at cabining the breadth of the FAC brief is improper because "[a]llegations raised for the first time in the briefing are not considered in determining the sufficiency of the complaint." *SriCom, Inc.*, 2012 WL 4051222, at *6. Accordingly, the Court must consider only the substance of the FAC.

Thus, the Court GRANTS the City's motion to dismiss the cause of action under the California Constitution for interference with free speech and due process. Because granting Plaintiff an additional opportunity to amend the complaint would not be futile, cause undue delay, or unduly prejudice the City, and Plaintiff has not acted in bad faith, the Court grants leave to amend. *See Leadsinger, Inc.*, 512 F.3d at 532.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the City's motion to dismiss with leave to amend as to (1) the violation of the First Amendment under 42 U.S.C. § 1983 claim, (2) the violation of Due Process under the Fourteenth Amendments under 42 U.S.C. § 1983 claim, and (3) the interference with Free Speech and Due Process Secured by Article 1, § 2 of the California Constitution claim. The Court DENIES as moot the motion to dismiss as to Plaintiff's partial takings claim under the Fifth Amendment because the Plaintiff withdrew the partial takings claim in its opposition brief. At this point in time, one claim remains undismissed in the case: the denial of a fair hearing in violation of the Fourteenth Amendment under 42 U.S.C. § 1983 claim.

Should Plaintiff elect to file a second amended complaint curing the deficiencies identified herein, Plaintiff shall do so within 30 days.  Failure to file a second amended complaint within 30 days or failure to cure the deficiencies identified in this Order will result in dismissal with prejudice of the claims dismissed in this Order.  Plaintiff may not add new causes of actions or parties without leave of the Court or stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: October 29, 2018

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California